UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAN MOORE,
    Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,
a Michigan limited liability company,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Shan Moore, through counsel, Michigan Consumer Credit Lawyers, states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA"), and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA. 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Pontiac, Oakland County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC which is a Delaware company that maintains a registered agent in Southfield, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect two consumer type debts allegedly owed by Plaintiff regarding association dues to Parks at Stonegate (the "Debts") for his home. One debt is in the amount of $25.00, and the other is in the amount of $8,775.00.

9. In 2013, Mr. Moore fell approximately $334.00 behind in his payments on the alleged Debts.

10. Thereafter, Defendant contacting Mr. Moore attempting to collect thousands of dollars fees and costs allegedly incurred regarding the Debts in addition to the past due balance.

11. Mr. Moore filed a petition for Chapter 13 Bankruptcy on August 5, 2013 due to the excessive, arbitrary, unearned fees and costs demanded by Defendant regarding the Debts, which were included in Plaintiff's bankruptcy filing.

12. Plaintiff would not have filed for bankruptcy but for the fees and costs demanded by Defendant regarding the Debts.

13. On August 7, 2013, Defendant filed a claim in Mr. Moore's bankruptcy proceeding in the amount of $8,775.00.

14. Each month Plaintiff pays $145.42 regarding the Debts through his bankruptcy plan, in addition to his monthly association dues.

15. On or about December 18, 2013, Defendant sent a letter to Plaintiff's home regarding the Debts. The letter was addressed to Mr. Moore's ex-wife, Detonya Peaples, who does not reside in Plaintiff's home.

16. In the December 18, 2013, letter, Defendant misrepresented Mr. Moore's rights by stating, "the association is currently deciding which of the following legal options they will exercise…. Filing a lawsuit and obtaining a judgment in court, which could include wage garnishment, or any other means necessary to satisfy the judgment." This statement is false and/or misleading regarding material facts because it represents that Defendant has the present legal right to file a lawsuit to collect the debt and that it will obtain a judgment, which was not certain, and fails to disclose to write off the Debts and report them as income Defendant would be required to cancel the debt.

17. On or about January 1, 2014, Mr. Moore received a statement from Parks at Stonegate which showed that he only owed it $335.00.

18. As a result of Defendant's actions, Ms. Moore has physical, emotional, monetary damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

22. Defendant is a "debt collector" under the FDCPA.

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692 e(2)(A): Defendant violated and continues to violate this section of the FDCPA by misrepresenting the balance of the Debts by including excessive and arbitrary fees and costs, which in some instances were not actually earned/incurred, and that Plaintiff does not owe, and by accepting payments through Plaintiff's bankruptcy proceeding based on these misrepresentations.

    b. 15 U.S.C. §1692e(10): Defendant violated and continues to violate this section of the FDCPA by falsely representing that the Debts including excessive and arbitrary fees and costs, which in some instances were not actually earned/incurred, and that Plaintiff does not owe, and by accepting payments through Plaintiff's bankruptcy proceeding based on these false representations.

    c. 15 U.S.C. §1692f: Defendant violated and continues to violate this section of the FDCPA by unfairly and unconscionably charging and collecting excessive and arbitrary fees and costs regarding the Debts, which in some instances were not actually earned/incurred, and that Plaintiff does not owe.

    d. 15 U.S.C. §1692f(1): Defendant violated and continues to violate this section of the FDCPA by collection excessive and arbitrary fees and costs regarding the Debts which are not authorized by agreement or permitted by law.

24. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, and has incurred attorney fees and costs.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e): Defendant violated and continues to violate this section of the MOC by making inaccurate, misleading, untrue, or deceptive statements or claims regarding the amount of the Debts and the parties' rights and obligations in communications to collect the Debts;

    b. MCL §339.915(f): Defendant violated this section of the MOC by misrepresenting the parties' rights and obligations in communications to collect the Debts, and misrepresenting that non-payment could result in wage garnishment; and

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e): Defendant violated and continues to violate this section of the MCPA by making inaccurate, misleading, untrue, or deceptive statements or claims regarding the amount of the Debts and the parties' rights and obligations in communications to collect the Debts;

    b. MCL §445.252(f): Defendant violated this section of the MCPA by misrepresenting the parties' rights and obligations in communications to collect the Debts, and misrepresenting that non-payment could result in wage garnishment; and

    c. MCL §445.252(q): by failing to implement a procedure designed to prevent a violation by an employee.

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated: February 2, 2017